UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ANTHONY RODRIGUEZ | Case No. 22-CV-03663 (NEB/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| SHERBURNE COUNTY JAIL, | |
| Defendant. | |

Plaintiff Mark Anthony Rodriguez filed a Complaint in Minnesota state court alleging that the Defendant Sherburne County Jail violated the Prison Rape Elimination Act ("PREA") of 2003, 34 U.S.C. § 30301, *et seq.* Defendant filed a Notice of Removal to federal court. (Dkt. No. 1). Upon removal, Defendant filed a Motion to Dismiss (Dkt. No. 4) and Memorandum in Support (Dkt. No. 6). Rodriguez then filed a response, (Dkt. No. 16) and Defendant filed a reply (Dkt. No. 17). Rodriguez has also filed a self-styled "Responsive Memorandum in Support of Motion for Summary Judgment." (Dkt. No. 19.) This matter has been referred to the undersigned for the purposes of a report and recommendation on Defendant's Motion to Dismiss. For the reasons outlined below, this Court recommends that Defendant's Motion to Dismiss (Dkt. No. 4) be GRANTED and that this matter be dismissed with prejudice.

I. BACKGROUND

On September 14, 2023, Rodriguez filed a Complaint in the Tenth Judicial District, State of Minnesota, entitled "Cause of Action: Injunctive Relief to Compel Compliance to

the Prison Rape Elimination Act (PREA) (2003)." (Ex. A, Dkt. No. 1-1). On November 9, 2023, a separate document with the same title was served on the commander of the Sherburne County Jail. (Cert. of Service, Ex. C, Dkt. No. 1-3). Both pleadings are nearly identical—they contain the same allegations and assert the same two causes of action. First, Rodriguez claims that the Sherburne County Jail disregarded their[1] request to be housed in a single-person cell and instead placed them in the ALPHA cell block with a cellmate, claiming that the Sherburne County Jail was "at capacity." Rodriguez says that they requested a single-person cell because they are gay, non-binary, non-gender-conforming, and therefore vulnerable to sexual assault. Rodriguez says that when their cellmate learned of their sexual identity, he started to sexually harass them in violation of 34 U.S.C. § 30302 subd. 6 and the Sherburne County Jail Inmate Handbook ("Handbook"). Rodriguez says that they immediately alerted the corrections officer on duty of this harassment, but nothing was done.

Rodriguez says that when they rejected their cellmate's sexual advances, the harassment expanded to include "disrespectful, belittling, demeaning, insulting remarks to profane language; repeatedly making them the object of jokes; ridiculing them & trying to sabotage their character & reputation" in the cellblock, but particularly within "Los Serenos, La Cartel Sinoloa & Los Paisas," the group with whom their cellmate was affiliated. Rodriguez says that the harassment expanded to include their cellmate's

---

[1] Rodriguez refers to themselves using "they/them" pronouns throughout their Complaint. This Court will do the same, and will also dispense with its usual practice of preceding a party's last name with either "Mr." or "Ms."

2

associates—at one point their cellmate and his associate were waiting for them to return to their cell, but when they saw the two waiting for them, they immediately informed the corrections officer on duty, Officer J. Garcia, who took no action. When they returned to their cell, Rodriguez says that their cellmate and associate threatened them with "Topo," the then-"shot-caller" for the Latin Mob in the ALPHA cellblock, if they did not stop making PREA complaints. Upon hearing this threat, Rodriguez says they immediately walked out of the cell and returned to the officer's desk. According to Rodriguez, they were eventually moved back to GAMMA pod, a punitive cellblock, but they do not know if their cellmate and his associate faced any consequences for harassing and threatening Rodriguez.

Second, Rodriguez claims that almost forty-eight hours elapsed from the time they first reported the sexual harassment until they met with the Sherburne County Jail's PREA Coordinator and Administrator, Sergeant Chris Hanson. Rodriguez says that during those forty-eight hours, they remained locked-down with their cellmate, the person who was perpetrating the sexual harassment. Further, Rodriguez says that when they met with Sergeant Hanson, he explicitly told them that they were not his priority because he had to oversee the relocation of inmates who had been involved in a physical altercation. In failing to make them a "top priority," Rodriguez says that Defendant violated 34 U.S.C. § 30302 subd. 2, which provides that the purpose of PREA is to "make the prevention of prison rape a top priority in each prison system."

Rodriguez requests an order removing Sergeant Chris Hanson and Officer Justin Garcia from their positions at the Sherburne County Jail. Rodriguez also requests monetary damages.

Defendant's Motion to Dismiss asserts that Rodriguez has failed to state a claim as a matter of law because PREA does not establish a private cause of action. (Def.'s Mem. of Law, Dkt. No. 6). Defendant also claims that Rodriguez's Complaint should be dismissed because the sole defendant to this action—the Sherburne County Jail—is not an entity subject to suit, the Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and Minn. R. Civ. P. 8.01 and Fed. R. Civ. P. 10(b) and Minn. R. Civ. P. 10.02, and Rodriguez failed to effect service of process. *Id.* In response, Rodriguez maintains that the Defendant violated PREA, and requests leave to amend the Complaint to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and add defendants Sherburne County, PREA Coordinator and Administrative Sergeant Chris Hanson, Jail Captain Thomas Zerwas, and the John (or Jane) Doe Officer who responded to the inmate/detainee formal grievance number 128028, dated May 19, 2023. (Dkt. No. 16). Rodriguez also requests 30 days to effect service of process of the Complaint on the Defendant. *Id.* The Defendant objects to any such amendment as futile. (Dkt. No. 17). The Court largely agrees with the Defendant.

II.     LEGAL ANALYSIS

A. Service of Process

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir.

4

1993) (citing *Dodco, Inc. v. Am. Bonding Co.*, 7 F. 3d 1387 (8th Cir. 1993)). "Questions pertaining to the Court's jurisdiction must be resolved before considering any matter on the merits." *Hubbard v. Citi Mortg., Inc.*, Case No. 13-CV-2189 (JRT/JSM), 2014 WL 1309112, at * 4 (D. Minn. Mar. 31, 2014) (citing *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2010)).

In this case, Defendant moves to dismiss for insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Dkt. No. 5). "An objection under Rule 12(b)(4) concerns the form of the process rather than the method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Holmes v. Nebraska*, No. 8:12-CV-158, 2021 WL 4710343, at *5 (D. Neb. Oct. 8, 2021) (quoting 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1353 (3d ed.).

"On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), insufficiency of process, or 12(b)(5), insufficiency of service of process, the plaintiff must establish prima facie evidence that there was sufficient process and service of process." *Seretse v. Andersen Corp.,* Case No. 12-CV-323 (SRN/TNL), 2013 WL 2434876, at *4 (D. Minn. June 4, 2013) (quoting *Hahn v. Bauer*, Case No. 09-CV-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010)). Here, the Court looks to Minnesota law for the standards governing service of process because Minnesota is the jurisdiction in which the action was filed before

5

it was removed to this Court. *Hubbard*, 2014 WL 1309112, at *4 (citing *Norsyn, Inc. v. R.M. Desai*, 351 F.3d 825, 829 (8th Cir. 2003)).

To initiate a civil action in Minnesota, a summons containing the language described in Rule 4.01 of the Minnesota Rules of Civil Procedure must be served upon the defendant in the manner described by Rule 4.03, along with a copy of the complaint. *See* Minn. R. Civ. P. 3.01 (commencement of the action); *see Kmart Corp. v. Cnty. of Clay*, 711 N.W.2d 485, 490 (Minn. 2006) (explaining that Rule 5 only applies to service of documents after an action has been initiated). "The summons shall state the name of the court and the names of the parties, be subscribed by the plaintiff or by the plaintiff's attorney, give an address within the United States where the subscriber may be served in person and by mail, state the time within which these rules require the defendant to serve an answer, and notify the defendant that if the defendant fails to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint." Minn. R. Civ. P. 4.01. Further, "a copy of the complaint shall be served with the summons, except when the service is by publication . . . ." Minn. R. Civ. P. 3.02.[2]

Here, the Certificate of Service shows that a copy of Rodriguez's Complaint, entitled "Notice of Cause of Action: Injunctive Relief to Compel Compliance to the Prison Rape Elimination Act" was personally served upon Brian Frank, Sherburne County Jail

---

[2] The Court goes into the detail it does about proper service under the Minnesota Rules of Civil Procedure because there is no proper way to effect service under PREA since PREA does not authorize a private right of action. There is, in other words, no correct way to effect service that the Court can contrast with the way Rodriguez attempted to effect service.

6

Commander, on November 9, 2023. (Dkt. No. 1-3). Setting aside whether it was proper to serve the Complaint naming the Sherburne County Jail as the defendant or the Sherburne County Jail Commander, both process and service of process were deficient because Rodriguez's efforts to serve the Complaint did not include a summons, contrary to Rule 4. Further, there is no certificate of service indicating that Rodriguez even attempted to effect service of process on the Complaint filed in state court nearly two months earlier, on September 14, 2023. *See* (Dkt. No. 1-1). Because Rodriguez failed to issue and deliver a summons as required to initiate a civil action in Minnesota state court, both the form and method of service were improper. Defendant's Motion to Dismiss pursuant to Rule 12(b)(4) and 12(b)(5) should therefore be granted and this matter dismissed for lack of subject-matter jurisdiction.

### B. Motion to Dismiss

Even if the Complaint had been served properly, Plaintiff's Complaint fails to survive Defendant's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Plaintiffs, moreover, must set forth sufficient factual allegations to "nudge[] their claims across the line from conceivable to plausible," or else "their complaint must be dismissed." *Twombly*, 550 U.S. at 569–70.

Defendant asserts that the Complaint should be dismissed because Plaintiff has failed to assert a plausible claim under PREA. This Court agrees.

Congress enacted the PREA to address and respond to the high incidence of rape in state and federal prisons. *See* 34 U.S.C. § 30301 *et seq.* "The PREA requires federal agencies to conduct annual research regarding prison rape, provides funding for training, establishes certain grants for the states, creates a commission to study and report on the impacts of prison rape, and gives the Attorney General rulemaking powers concerning prison rape." *Schill v. Pederson*, Case No. 16-CV-01280 (DWF/KMM), 2016 WL 7404743, at *4 (D. Minn. Nov. 22, 2016), *R&R adopted by* 2016 WL 7404682 (D. Minn. Dec. 21, 2016). It is well-established in this District that the PREA does not create a private cause of action. *Id.* (citing *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (per curiam) (concluding that any claim under the PREA was properly dismissed as frivolous in the absence of any law supporting such a claim)); *see also LeMasters v. Fabian*, Case No. 09-CV-702 (DSD/AJB), 2009 WL 1405716, at *2 (D. Minn. May 18, 2009) ("The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because the statute on which this action purportedly is based, the PREA, does not create a right of action that is privately enforceable by an individual civil litigant.").

For their part, Plaintiff does not offer any compelling reason to depart from this case law. Instead, Plaintiff simply contends that the Defendant violated PREA and thus should be held liable for it. (Dkt. No. 16). This argument, however, ignores the fundamental point that a private party, such as Plaintiff, cannot sue for any type of relief—equitable or

8

otherwise—under PREA. Accordingly, Plaintiff's claims under PREA should be dismissed for failure to state a claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6).

Because the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted as a matter of law, the Court need not reach Defendant's alternative arguments that the Sherburne County Jail is not an entity subject to suit and that Plaintiff's Complaint should be dismissed for failure to comply with Rule 10 and Rule 8 of the Federal Rules of Civil Procedure, which govern the style and formatting of civil complaints.

### C. Motion to Amend

Perhaps recognizing the deficiencies with their Complaint and service of process, Rodriguez's Response requests leave to amend the Complaint and 30 days to effect service. (Pl.'s Resp., Dkt. No. 16). Because pro se filings are to be liberally construed, this Court considers Plaintiff's request in the context of a Motion to Amend the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Even when liberally construed, however, such a motion plainly fails for one basic reason: because Rodriguez failed to effect proper service of the Complaint, this Court lacks jurisdiction over this matter. Rodriguez's Motion to Amend should be denied on that basis alone.

Even if the Court had jurisdiction (which it does not), the Court agrees with the Defendant that amendment would be futile.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend the complaint] when justice so requires." But justice does not require the Court to allow further amendments when those amendments would be "futile."

9

*See United States v. Vorachek*, 563 F.2d 884, 886–87 (8th Cir. 1977) ("In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of the amendment*, etc., the leave sought should, as the rules require, be 'freely given.'" (Emphasis added.))

In assessing whether amendment would be futile, federal courts consider whether the claim "would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1006 (D. Minn. 1998). To withstand a motion to dismiss, the claim must survive the "plausibility" standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). As noted above, to satisfy *Twombly*, although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Here, Rodriguez proposes the following two amendments to their Complaint: (1) remove the Sherburne County Jail as the defendant and add the following: Sherburne County; PREA Coordinator and Administrative Sergeant Chris Hanson; Jail Captain Thomas Zerwas; and the John (or Jane) Doe Officer who responded to Grievance Number 128028, dated May 19, 2023, as defendants to this action; and (2) include numbered paragraphs containing "short and plain" statements of the claim consistent with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. (Dkt. No. 16). Such amendments would be futile, however, because Rodriguez maintains that they are asserting a cause of action

under the PREA. As noted above, the PREA establishes no private right of action. Accordingly, even if this Court had jurisdiction over this matter (which it does not), and even if the Court gave Rodriguez leave to amend their Complaint as they have proposed, such amendments would not survive a motion to dismiss.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's Motion to Dismiss, (Dkt. No. 4), be **GRANTED**.

2. Plaintiff's Responsive Memorandum in Support of Motion for Summary Judgment, (Dkt. No. 19), be **DENIED** as moot.

3. This matter be **DISMISSED** for lack of jurisdiction.

Dated: February 7, 2024         *s/ John F. Docherty*
                                JOHN F. DOCHERTY
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).